Dear Representative Toomy:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. Your letter raises three questions for our resolution, which we address as presented in your correspondence, with slight clarification provided.
ISSUE I
 Are the clerks of district courts and any other officials of political subdivisions of the state required to follow the public bid laws of the state?
We answer your first question in the affirmative. LSA-R.S.38:2212(A)(1)(a) provides in part:
 "A. (1)(a) All public work exceeding the contract limit as defined herein, including labor and materials, and all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. However, purchases of five thousand dollars or more, but less than ten thousand dollars shall be made by obtaining not less than three telephone or facsimile quotations. . . ." (Emphasis added).
"Public entity" is defined in LSA-R.S. 38:2211(A)(10) as follows:
 "Public entity" means and includes the state of Louisiana, or any agency, board, commission, department or public corporation of the state, created by the constitution or statute or pursuant thereto, or any political subdivision of the state, including but not limited to any political subdivision as defined in Article VI Section 44 of the Constitution of Louisiana, and any public school board, or any public officer whether or not an officer of a public corporation or political subdivision. "Public entity" shall not include a public body or officer where the particular transaction of the public body or officer is governed by the provisions of the model procurement code." (Emphasis added).
This office is of the opinion that clerks of court and public officials of political subdivisions are subject to the advertisement and bidding process for the purchase of materials and supplies. There is additional authority for this conclusion in LSA-R.S. 13:784(B), which provides:
 "B. Out of any surplus in his salary fund, each of the clerks of the district courts may purchase office furniture, equipment, records books, and supplies as may be needed for the proper conduct of his office and may expend funds for renovation of his office, all in accordance with the public bid law of the state." (Emphasis added).
ISSUE 2
 May items which singularly cost less than the statutory limit be purchased by the above referenced public officials without adherence to the public bid laws?
This office has consistently concluded that purchases made via multiple purchase orders which are less than the statutory amount specified in LSA-R.S. 38:2212(A) will not exempt the public entity from the bid requirements. LSA-R.S. 38:2212(H) provides:
 "H. Under no circumstances shall there by a division or separation of any public work project into smaller projects which division or separation would have the effect of avoiding the requirement that public work be advertised and let by contract to the lowest responsible bidders as provided in this Section."
To reiterate, public bidding is not to be avoided by means of a public entity dividing, or breaking down, known needed materials for a given fiscal year, into separate purchases each below the amount specified in LSA-R.S. 38:2212(A). See Attorney General Opinion Numbers 92-670, 88-218, and 81-741, attached.
Any purchase made in violation of the public bid laws is null and void. LSA-R.S. 38:2220(A). The district attorney, the attorney general, or any interested party may bring suit seeking injunctive relief to prevent the award of the contract. LSA-R.S. 38:2220(B). However, a determination of whether or not a violation is present must occur on a case-by-case basis, after all records and bid and contract documents have been reviewed.
ISSUE 3
 Is LSA-R.S. 38:2255, governing printing contracts, applicable to all such purchases regardless of dollar amount?
LSA-R.S. 38:2255 provides, in part:
 To better facilitate the collection of sales taxes and other taxes in the purchase of printing, lithographing, embossing, engraving, binding, record books, printed supplies, stationery and office supplies and equipment, every board, district, commission, department, institution, or the purchasing agent thereof, and all officers and officials of the state and all parishes, municipalities and political subdivisions thereof, shall purchase the same from Louisiana firms and all printing, lithographing, embossing, engraving, and binding in connection therewith shall be done in the State of Louisiana by Louisiana firms and by Louisiana labor, and all bonds, if required, given by contractors for such printing, lithographing, embossing, binding, record books, printed supplies, stationery and office supplies and equipment shall so state; provided, however, that where the purchase is of certain specialized forms and printing such as continuous forms, margin punched forms, football tickets, 24 sheet poster, music printing, steel dye and lithographed bonds, decalcomanias, revenue stamps, lithographing and bronzing on acetate, college annuals, fine edition binding, and books, this statute shall not apply.
 Except as to specialized forms hereinabove provided, such contracts shall be let to the lowest responsible bidder. . . ." (Emphasis added).
This office is of the opinion that the statutory amounts which trigger the advertising and bidding process of LSA-R.S.38:2212 are applicable to those printing contracts awarded under LSA-R.S. 38:2255. Section 3 of Act 502 of the 1960 Regular Legislative Session, amending and reenacting LSA-R.S. 38:2255, states:
 "Section 3. All laws or parts of laws in conflict herewith are hereby repealed. The provisions of this Act, however, are not intended in any way to repeal any of the provisions of R.S. 38:2211 so far as the same requires advertisement of bids, or permits purchases without bids, according to the sum of money involved."
You further ask if certain itemized materials and supplies are subject to the requirements of LSA-R.S. 38:2255. As quoted hereinabove, the purchase of printing, lithographing, embossing, engraving, binding, record books, printed supplies, stationery and office supplies and equipment is subject to bidding requirements. Even if the printing statute does not apply, this office is of the opinion that microfilm, microfiche, and filming equipment fall within the verbiage of "materials and supplies" under LSA-R.S. 38:2212(A), and are subject to advertisement and bidding requirements. This office is further of the opinion that LSA-R.S. 38:2255 addresses those items involving binding, book restoration/conservation, lamination, and copy paper and supplies.
Finally, there are certain items excluded from the bidding requirements of LSA-R.S. 38:2255, such as a purchase involving "fine edition binding". Although we are not requested to differentiate between "fine edition binding" and "binding" in this opinion request, reference to an industry trade manual may be helpful if it is necessary to make this determination.
Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0222E